Anna Y. Park, CA SBN 164242
Connie Liem, TX SBN 79113
Amrita Mallik, CA SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA  90012
Telephone:  (213) 894-1108
Facsimile:  (213) 894-1301
Email: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LAKEMONT HOMES, INC.; LAKEMONT HOMES NEVADA, INC.; and Does 1 – 10 Inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT—TITLE VII**<br>• **Sexual Harassment**<br>• **Retaliation**<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an employment discrimination action brought by the United States Equal Employment Opportunity Commission (the "Commission") under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation, and to provide appropriate relief to Elizabeth Michelle

-1-

Case No.

1  Blackburn and other similarly situated individuals who were adversely affected by such
2  practices.  The Commission alleges that Defendants Lakemont Homes, Inc., Lakemont Homes
3  Nevada, Inc. and Does 1-10 (collectively "Defendants" or "Defendant Employers"), subjected
4  claimants and others to sex-based harassment creating a hostile work environment based on their
5  sex (female) by subjecting them to uninvited and inappropriate sexual touchings as well as
6  vulgar and offensive sexual comments.  The Commission further alleges that Defendants
7  retaliated against individuals for reporting such unlawful practices, subjecting them to negative
8  performance evaluations, increased manager harassment, loss of income, negatively altered work
9  schedules, failure to be considered for promotion, and constructive discharge.

## JURISDICTION AND VENUE

11  1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,
12  1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and
13  Section 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1)
14  and (3), § 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C.
15  § 1981a.

16  2.  The employment practices alleged to be unlawful were and are now being
17  committed within the jurisdiction of the United States District Court for the District of Nevada.

## PARTIES

19  3.  Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or
20  "Commission"), is the agency of the United States of America charged with the administration,
21  interpretation and enforcement of Title VII, and is expressly authorized to bring this action by
22  Section 706(f)(1) and (3) and Section 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and
23  § 2000e-6.

24  4.  At all relevant times, Defendants Lakemont Homes, Inc. and Lakemont Homes
25  Nevada, Inc. ("Defendants" or "Defendant Employers") have continuously been an employer
26  engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of
27  Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

28  5.  At all relevant times, Defendant Employers, Lakemont Homes, Inc., a California

1  corporation, and Lakemont Homes Nevada, Inc., a Nevada Corporation, have continuously been
2  doing business in the State of Nevada and the City of Reno, and have continuously had at least
3  15 employees.  At all relevant times, Defendant Employers have continuously been employers
4  engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of
5  Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6       6.     All of the acts and failures to act alleged herein were duly performed by and
7  attributable to all Defendants, including Defendants DOES 1 to 10, each acting as a successor,
8  agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or
9  under the direction and control of the others, except as specifically alleged otherwise.  Said acts
10 and failures to act were within the scope of such agency and/or employment, and each Defendant
11 participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants
12 complained of herein.  Whenever and wherever reference is made in this Complaint to any act by
13 a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts
14 and failures to act of each Defendant acting individually, jointly, and/or severally.

15      7.     Plaintiff is ignorant of the true names and capacities of each Defendant sued as
16 DOES 1 through 10, inclusively, and therefore Plaintiff Commission sues said defendant(s) by
17 fictitious names.  Plaintiff reserves the right to amend the complaint to name each DOE
18 defendant individually or collectively as they become known.  Plaintiff alleges that each DOE
19 defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff
20 will amend the complaint to allege such responsibility when the same shall have been ascertained
21 by Plaintiff.

## STATEMENT OF CLAIMS

23      8.     More than thirty days prior to the institution of this lawsuit, Elizabeth Michelle
24 Blackburn filed a charge with the Commission alleging violations of Title VII by Defendants.
25 The Commission has issued a Letter of Determination finding that the Charging Party and
26 similarly situated individuals were subjected to unlawful employment discrimination based upon
27 their sex, female, of harassment, retaliation, and constructive discharge in violation of Title VII.
28 Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment

1  practices herein alleged and to effect voluntary compliance with Title VII through informal
2  methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of
3  Title VII, 42 U.S.C. Sections 2000e-5(b).  All conditions precedent to the institution of this
4  lawsuit have been fulfilled.

5  9.  Since at least August 2003, Defendants have engaged in unlawful employment
6  practices and/or a pattern or practice of such wrongful acts at its Nevada facilities in violation of
7  Sections 703(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-2(a) and -3(a).  These violations
8  include subjecting employees to a hostile work environment based on their sex (female),
9  including sexual advances, sexual touchings, and abusive and offensive sexual comments.
10 Defendants also retaliated against individuals for reporting such unlawful practices by subjecting
11 the employees to adverse employment actions, including poor performance evaluations,
12 increased manager harassment, loss of income, negatively altered work schedules, and failure to
13 be considered for promotion.  The working conditions became so intolerable which led to the
14 constructive discharge of the employees.

15 10.  The effect of the practices complained of in paragraph 9 above has been to
16 deprive Elizabeth Michelle Blackburn and similarly situated individuals of equal employment
17 opportunities and otherwise adversely affect their status as employees, because of their sex.

18 11.  The unlawful employment practices complained of in paragraph 9 above were and
19 are intentional within the meaning of § 706(g)(1) of Title VII, 42 U.S.C., §§ 2000e-5(g)(1).

20 12.  The unlawful employment practices complained of in paragraph 9 above were and
21 are intentional and caused Elizabeth Michelle Blackburn and similarly situated individuals to
22 suffer emotional distress.

23 13.  The unlawful employment practices complained of in paragraph 9 above were and
24 are done with malice or with reckless indifference to the federally protected rights of Elizabeth
25 Michelle Blackburn and similarly situated individuals.

26 //
27 //
28 //

-4-

Case No.

# PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Elizabeth Michelle Blackburn and similarly situated individuals in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendants to make whole Elizabeth Michelle Blackburn and similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, in amounts to be determined at trial.

E. Order Defendants to make whole Elizabeth Michelle Blackburn and similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, in amounts to be determined at trial.

F. Order Defendants to pay Elizabeth Michelle Blackburn and similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraphs 10 and 14 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

//

//

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: June 26, 2009                              Respectfully Submitted

                                              JAMES LEE,
                                              Deputy General Counsel

                                              GWENDOLYN YOUNG REAMS,
                                              Associate General Counsel

                                              U.S. EQUAL EMPLOYMENT
                                              OPPORTUNITY COMMISSION
                                              131 M Street, NE
                                              Washington, DC 20507

                                              By:  /s/ Anna Park
                                                   ANNA Y. PARK
                                                   Regional Attorney
                                              U.S. EQUAL EMPLOYMENT
                                              OPPORTUNITY COMMISSION