**UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 3:09-CV-335-ECR-VPC |
| Plaintiff, | | **Order** |
| vs. | | |
| LAKEMONT HOMES INC.; LAKEMONT HOMES NEVADA, INC.; and DOES 1-10, | | |
| Defendants | | |

Plaintiff Equal Employment Opportunity Commission ("the EEOC"), the federal agency charged with enforcing Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), brought this action on behalf of Elizabeth Michelle Blackburn ("Blackburn") and other similarly situated individuals. Defendants are Lakemont Homes, Inc. and Lakemont Homes Nevada, Inc. (collectively "Lakemont"), builders and sellers of homes in planned communities in Northern Nevada, and the former employers of Blackburn and the similarly situated employees.

Now pending are Defendants' motion for summary judgment ("MSJ") (#22) on the basis of laches and Plaintiff's cross-motion for summary judgment ("CMSJ") (#61) on the same. The motions are ripe, and we now rule on them.

## II. Factual and Procedural Background

Elizabeth Michelle Blackburn ("Blackburn") began working as assistant sales agent for Defendants in November 2003. (Blackburn Decl. ¶ 2, Ex. 23 (#61).) The similarly situated employees, Maggie Link ("Link"), Kim Cox ("Cox") and Tracy Twarry ("Twarry"), began working for Lakemont in March 2001, October 2001 and February 2004, respectively. (Link Decl. ¶ 2, Ex 24; Cox Decl. ¶ 2, Ex. 25; Twarry Decl. ¶ 2, Ex. 26 (#61).) Blackburn and the similarly situated employees all claim that their supervisor, lead sales agent Scott Hoerner, subjected them to sexual harassment over the course of their employment. (Blackburn Decl. ¶ 4, Ex. 23; Link Decl. ¶ 4, Ex 24; Cox Decl. ¶ 4, Ex. 25; Twarry Decl. ¶ 4, Ex. 26 (#61).) Blackburn and the similarly situated employees also claim they suffered such severe retaliation after complaining about the harassment that they felt they had no choice but to leave their employment. (Blackburn Decl. ¶ 4, Ex. 23; Link Decl. ¶ 4, Ex 24; Cox Decl. ¶ 4, Ex. 25; Twarry Decl. ¶ 4, Ex. 26 (#61).)

Although the similarly situated employees complained to Lakemont about the harassment, only Blackburn filed a charge of discrimination with the Nevada Equal Rights Commission ("NERC") and the EEOC. The charge was filed on September 12, 2005. (Blackburn Decl. ¶ 2, Ex. 23 (#61).) In January 2007, the NERC issued a finding of probable cause of discrimination. (Blackburn Decl. ¶ 13, Ex. 23 (#61).) NERC conducted an unsuccessful reconciliation meeting on January 31, 2007. (Id.) On February 21, 2007, NERC transferred Blackburn's case to the EEOC for further investigation. (Id. ¶ 14.) During the course of that investigation, the EEOC

2

discovered three additional claimants who were employed with Blackburn and suffered the same harassment. The EEOC contacted these individuals and notified them of the pending investigation. (Link Decl. ¶ 13, Ex 24; Cox Decl. ¶ 12, Ex. 25; Twarry Decl. ¶ 13, Ex. 26 (#61).) Each of them authorized the EEOC to seek relief on their behalf. (Id.) On December 10, 2008, the EEOC issued its determination, in which the EEOC disclosed its findings of cause for harassment and retaliation on behalf of Blackburn and the three similarly situated individuals. (Determination, Ex. 8 (#61).) In March 2009, the EEOC conducted another conciliation meeting, which was similarly unsuccessful. (Blackburn Decl. ¶ 15, Ex. 23 (#61).)

On June 26, 2009, the EEOC filed the complaint (#1) in the present lawsuit. On October 30, 2009, before discovery had been conducted, Defendants filed a motion for summary judgment (#22) on the issue of laches. On December 7, 2009, we issued an Order (#32) giving Plaintiff until twenty days after discovery closed to respond to Defendants' motion for summary judgment (#22). On August 9, 2010, Plaintiff filed an opposition to Defendants' motion and cross-motion for summary judgment on the issue of laches (#61). On August 19, 2010, Defendants replied (#63) to Plaintiff's opposition (#61). On August 23, 2010, Defendants filed an opposition (#64) to Plaintiff's cross-motion for summary judgment. On August 30, 2010, Plaintiff replied (#65).

## II. Summary Judgment Standard

Summary judgment allows courts to avoid unnecessary trials where no material factual dispute exists. N.W. Motorcycle Ass'n v.

3

1  U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994).  The court
2  must view the evidence and the inferences arising therefrom in the
3  light most favorable to the nonmoving party, Bagdadi v. Nazar, 84
4  F.3d 1194, 1197 (9th Cir. 1996), and should award summary judgment
5  where no genuine issues of material fact remain in dispute and the
6  moving party is entitled to judgment as a matter of law.  FED. R.
7  CIV. P. 56(c).  Judgment as a matter of law is appropriate where
8  there is no legally sufficient evidentiary basis for a reasonable
9  jury to find for the nonmoving party.  FED. R. CIV. P. 50(a).  Where
10 reasonable minds could differ on the material facts at issue,
11 however, summary judgment should not be granted.  Warren v. City of
12 Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 116 S.Ct.
13 1261 (1996).

14       The moving party bears the burden of informing the court of the
15 basis for its motion, together with evidence demonstrating the
16 absence of any genuine issue of material fact.  Celotex Corp. v.
17 Catrett, 477 U.S. 317, 323 (1986).  Once the moving party has met
18 its burden, the party opposing the motion may not rest upon mere
19 allegations or denials in the pleadings, but must set forth specific
20 facts showing that there exists a genuine issue for trial.  Anderson
21 v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Although the
22 parties may submit evidence in an inadmissible form - namely,
23 depositions, admissions, interrogatory answers, and affidavits -
24 only evidence which might be admissible at trial may be considered
25 by a trial court in ruling on a motion for summary judgment.  FED.
26 R. CIV. P. 56(c); Beyene v. Coleman Sec. Servs., Inc., 854 F.2d 1179,
27 1181 (9th Cir. 1988).

28

In deciding whether to grant summary judgment, a court must take three necessary steps: (1) it must determine whether a fact is material; (2) it must determine whether there exists a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) it must consider that evidence in light of the appropriate standard of proof. Anderson, 477 U.S. at 248. Summary judgment is not proper if material factual issues exist for trial. B.C. v. Plumas Unified Sch. Dist., 192 F.3d 1260, 1264 (9th Cir. 1999). "As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. Disputes over irrelevant or unnecessary facts should not be considered. Id. Where there is a complete failure of proof on an essential element of the nonmoving party's case, all other facts become immaterial, and the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but rather an integral part of the federal rules as a whole. Id.

### III. Discussion

Defendants contend that they are entitled to summary judgment in their favor on the affirmative defense of laches. Plaintiff contends that, as a matter of law, Defendants are not entitled to the affirmative defense of laches.

The EEOC is not required to conclude its conciliation efforts and bring an enforcement suit within any maximum period of time. Occidental Life Ins. Co. v. E.E.O.C., 432 U.S. 355, 360 (1977).

5

1 Nevertheless, laches may constitute a defense to a Title VII action
2 when a party's "unexcused or unreasonable delay has prejudiced his
3 adversary." <u>Bratton v. Bethlehem Steel Corp.</u>, 649 F.2d 658, 667
4 (9th Cir. 1980)(internal quotation marks and citation omitted).  The
5 defense of laches requires proof of "(1) lack of diligence by the
6 party against whom the defense is asserted, and (2) prejudice to the
7 party asserting the defense."  <u>Id.</u> at 666.

      <u>A. Unexcused or Unreasonable Delay</u>

9      As an initial matter, we note that the parties disagree about
10 what time frame is relevant to assessing Defendants' asserted
11 defense of laches.  In particular, Defendants take issue with the
12 EEOC's characterization of the applicable time frame as the period
13 between the date Blackburn filed a charge of discrimination with the
14 EEOC and the date the EEOC filed the present lawsuit: "What is
15 somewhat misleading in Plaintiff's citations and discussion of
16 'delay' is that Plaintiff is unilaterally deciding that the
17 applicable time frame herein is the time between 'Ms. Blackburn's
18 filing of her charge of discrimination and the EEOC's filing of this
19 suit . . . ."  (D.s' Reply at 11 (#63)(quoting P.'s Opp. and
20 Counter-Mot. at 14-15 (#61)).  Although Defendants do not explicitly
21 propose, or provide authority in support of, an alternative time-
22 frame, Defendants suggest that the time frame we should consider is
23 between the discriminatory acts at issue and the present lawsuit:
24 "[I]t is clear that many of the alleged acts date back to 2001 . . .
25 ."  (D.s Reply at 11 (#63).)

26     Plaintiff has the better side of this dispute.  The delay at
27 issue in a Title VII laches inquiry is the time between an employee

6

filing a charge of discrimination with the EEOC and the filing of a lawsuit. See E.E.O.C. v. Alioto Fish Co., Ltd., 623 F.2d 86, 88 (9th Cir. 1980). In this case, Blackburn filed her charge of discrimination with the NERC and the EEOC on September 12, 2005.[1] (Charge of Discrimination, Mallik Dec., Ex. 7 (#61).) The complaint (#1) in the present lawsuit was filed on June 26, 2009. Thus, three years and nine months have elapsed between the time Blackburn filed her charge of discrimination and the EEOC filed this lawsuit.

Plaintiff contends not only that Defendants have failed to establish that the delay in this case was unreasonable but that summary judgment in its favor on the issue is appropriate. Defendants submit that "there is no magic formula for determining unreasonable delay, but clearly, delays in excess of four years (as in the instant case) must be subject to the utmost scrutiny." (MSJ at 5 (#22).) First, we note that Defendants' assertion that the delay in this case is "in excess of four years" is incorrect. As discussed above, less than four years transpired between the charge of discrimination and the filing of this lawsuit. Regardless, we have not discovered, nor have Defendants provided, authority holding that a delay of four years, let alone less than four years, is unreasonable as a matter of law or gives rise to an inference of lack of diligence. Indeed, Defendants primarily rely on Alioto in

---

[1] As noted above, Blackburn is the only employee who filed a charge of discrimination. The similarly situated employees, on whose behalf the EEOC also brings suit, were discovered during the investigation of Blackburn's case. See Bean v. Crocker Nat'l Bank, 600 F.2d 754, 759 (9th Cir. 1979)("In a Title VII representative suit, unnamed class members need not individually bring a charge with the EEOC as a prerequisite to joining the litigation.").

support of their position that the delay at issue in this case is unreasonable. The delay at issue in <u>Alioto</u>, however, was 62 months, <u>id.</u> at 88, more than a year longer than the delay in this case.

The lapse in time at issue in this case is, standing alone, insufficient to support a finding of lack of diligence. Defendants present no additional evidence suggesting lack of diligence on the part of the EEOC. See <u>Bratton</u>, 649 F.2d at 666. We therefore conclude that summary judgment in favor of Plaintiff on the issue of unreasonable delay, and hence on Defendants' asserted defense of laches, is appropriate.

### B. Prejudice

We additionally note that even if the delay at issue in this case were unreasonable or unexcused, there is no evidence in the record indicating that Defendants suffered any prejudice from Plaintiff's alleged delay.

In an EEOC enforcement action, the absence of inflexible time limitations does not generally "subject [defendants] to the surprise and prejudice that can result from the prosecution of stale claims." <u>Occidental Life Ins. Co.</u>, 432 U.S. at 372. Indeed, "unlike the litigant in a private action . . . the Title VII defendant is alerted to the possibility of an enforcement suit within 10 days after a charge has been filed. This prompt notice serves, as Congress intended, to give him an opportunity to gather and preserve evidence in anticipation of a court action." <u>Id.</u>

Defendants contend that "the unavailability of witnesses, the fading of memories, the relocation of documents and personnel, the death of the alleged harasser and the very fact of the passage of

8

time, require this Court to apply the laches criteria of <u>Alioto</u> and enter judgment in favor of Defendants on all claims." (D.s' Reply at 13 (#63).) In support of this contention, Defendants refer generally to several deposition excerpts.[2] In each excerpt the deposed party indicates that he or she cannot remember some piece of information. Defendants do not provide, however, any argument or evidence elucidating in what respects the forgotten information referred to in the deposition is necessary or important to their defense. Moreover, Defendants provide no evidentiary support for their other assertions that documents and personnel have been relocated. Perhaps more importantly, there is no evidence in the record indicating that Defendants made any effort to "gather and preserve evidence in anticipation of court action," despite being aware of the EEOC's investigation since September 2005. <u>Occidental Life Ins. Co.</u>, 432 U.S. at 372. We therefore conclude that, even if Defendants were to establish an unreasonable delay, they have failed to show they suffered any cognizable prejudice from that delay.

### **IV. Sanctions**

Defendants assert that Plaintiff's cross-motion for summary judgment is "outside the ambit of what this court has allowed." (D.s' Opp. at 2 (#64).) Defendants request we not consider the motion and award them five thousand dollars in sanctions. (<u>Id.</u> at 3.) First, we note that the deadline for dispositive motions has

---

[2] With one exception, Defendants do not cite to any particular part of the attached deposition excerpts, violating thereby Fed. R. Civ. P. 56 (c)(1).

not expired. (Amended Joint Discovery Plan and Scheduling Order at 4 (#39).) Therefore, Plaintiff's cross-motion for summary judgment was timely. Moreover, Defendants request for sanctions does not comply with Federal Rule of Civil Procedure 11 ("Rule 11"). Defendants have not brought a separate motion for sanctions. FED. R. CIV. P. 11(c)(2). In addition, there is no indication that Defendants have complied with the safe harbor provisions of Rule 11. Id. Defendants' request for sanctions will therefore be denied.

### **V. Conclusion**

The lapse in time at issue in this case is, standing alone, insufficient to support a finding of lack of diligence, and Defendants present no additional evidence suggesting lack of diligence on the part of the EEOC. Therefore, we conclude that as a matter of law the delay at issue in this case is neither unreasonable nor unexcused. Moreover, even if the delay were unreasonable or unexcused, Defendants suffered no prejudice as a result of Plaintiff's alleged delay. Therefore, we conclude that summary judgment in favor of Plaintiff on the issue of laches is appropriate.

**IT IS, THEREFORE, HEREBY ORDERED** that Defendants' motion for summary judgment (#22) is **DENIED**.

10

**IT IS FURTHER HEREBY ORDERED** that Plaintiff's cross-motion for partial summary judgment (#61) is **GRANTED**.

DATED: August 30, 2010.

*Edward C. Reed.*
_____
UNITED STATES DISTRICT JUDGE